**Hilaria BRAMBILA–PELAYO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–72537.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Dec. 3, 2004.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Petitioner Hilaria Brambila–Pelayo petitions for review of a decision by the Bureau of Immigration Appeals affirming a denial of a continuance by an immigration judge of removal proceedings. Having weighed the relevant factors, we hold that the immigration judge did not abuse his discretion in denying petitioner's motion for a continuance.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

"[A] decision to grant or deny continuances is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse." *Rios–Berrios v. INS,* 776 F.2d 859, 862 (9th Cir.1985) (citations omitted). We resolve questions of whether a denial of a continuance in an immigration proceeding constitutes abuse on a case by case basis. *See Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988). In our review, we look to four factors: (1) the inconvenience to the immigration court; (2) the nature of the evidence to be presented and the importance of that evidence to the alien's claim; (3) whether the need for the continuance is due to unreasonable conduct on the part of the alien; and (4) the number of prior continuances and their duration. *Id.* at 92–93.

## II

In petitioner's January 2002 removal proceeding, she conceded that she was in the United States illegally but asked that her case be continued while her permanent legal resident father applied for United States citizenship. His successful application for citizenship would allow her to adjust her residency status as the child of a United States citizen. The petitioner provided the immigration judge with no evidence that her father had begun the naturalization process, nor was the father presented as a witness at the hearing. Having no other substantive arguments that would have allowed her to stay in the country, Brambila–Pelayo was ordered to voluntarily remove herself by March 2002.

The immigration judge's denial to grant petitioner's request for a continuance was not an abuse of his discretion. Petition for review **DENIED**.